Case 4:24-cv-02950   Document 28   Filed on 06/25/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 27, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDIA VALADEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02950 |
| | § | |
| CITY OF JACINTO CITY, TX, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are (1) Plaintiff Claudia Valadez's ("Plaintiff") Complaint (Doc. #1); (2) Defendants the City of Jacinto City, Texas ("Jacinto City"), Jose Juarez-Aguilera, and J.M. Ayala's (collectively, "Defendants") Motion to Dismiss (Doc. #14); (3) Plaintiff's Response (Doc. #22); and (4) and Defendants' Reply (Doc. #26). Having considered the parties' arguments and the applicable legal authorities, the Court grants the Motion to Dismiss.[1]

**I.   Background**

In the early morning hours of August 10, 2022, a Jacinto City Police Department Officer, Defendant Jose Juarez-Aguilera ("Juarez-Aguilera"), assisted a Galena Park Police Department Officer in responding to a call involving a stolen vehicle evading arrest. Doc. #1 ¶¶ 14–15. The Galena Park officer informed Juarez-Aguilera that there was another vehicle associated with the suspect who evaded arrest. *Id.* ¶ 16. Juarez-Aguilera continued his patrol and, while driving his

---

[1] Also before the Court is Defendants' Motion for Leave to Exceed Page Limit (the "Motion for Leave") (Doc. #25), seeking leave to submit a nine-page Reply brief. Plaintiff has failed to respond to the Motion for Leave, which the Court takes "as a representation of no opposition." *See* S.D. Tex. Local R. 7.4. As such, the Motion for Leave is granted.

police car, spotted a gray 2002 GMC Sierra pickup truck bearing a temporary tag. *Id.* ¶ 17. The vehicle had a taillight out, causing Juarez-Aguilera to activate his emergency lights and to initiate a traffic stop. *Id.* ¶¶ 19, 55–56. The suspect in the 2002 GMC Sierra began evading arrest, and Juarez-Aguilera chased the vehicle into a residential neighborhood containing a speed limit of 10 miles per hour. *Id.* ¶¶ 21–23. Both Juarez-Aguilera and the driver of the 2002 GMC Sierra were travelling well in excess of the posted speed limit and drove through numerous stop signs. *Id.* ¶ 24, 27–33.

Juarez-Aguilera pursued the 2002 GMC Sierra out of the residential neighborhood. *Id.* ¶ 34. The two vehicles ultimately drove toward a red traffic light at a major intersection. *Id.* ¶ 35. At the same time, Plaintiff was driving toward the same intersection, approaching a green light on the road intersecting with Juarez-Aguilera and the 2002 GMC Sierra. *Id.* ¶ 36. However, the 2002 GMC Sierra ran the red light at a high speed, causing a collision with Plaintiff's vehicle. *Id.* ¶ 37.

After the collision, Juarez-Aguilera observed Plaintiff slumped over in her vehicle and attempted to assist her. *Id.* ¶ 39. Plaintiff was then transported by emergency medical services to a hospital and admitted to the intensive care unit ("ICU") in critical condition. *Id.* ¶ 40. Juarez-Aguilera visited the hospital and conferred with Plaintiff's doctor, asking to be updated on her medical condition. *Id.* ¶ 42. The driver of the 2002 GMC Sierra was ultimately charged with felony evading arrest. *Id.* ¶ 41.

On August 7, 2024, Plaintiff filed her Complaint, asserting several claims against Jacinto City, Juarez-Aguilera, and Jacinto City Police Chief J.M. Ayala ("Ayala") pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Id.* ¶¶ 46–106. Specifically, Plaintiff asserts claims against Juarez-Aguilera for violating the so-called "state-created danger" doctrine and her Fourteenth Amendment due process rights. *Id.* ¶¶ 46–66. In addition, Plaintiff asserts claims against Jacinto

City for (1) municipal liability, (2) negligent hiring, supervision, training, and retention, and (3) violation of the Texas Tort Claims Act ("TTCA"). *Id.* ¶¶ 67–106. Finally, with respect to Ayala, Plaintiff asserts negligent hiring, supervision, training, and retention claims. *Id.* ¶¶ 81–88. Defendants have moved for dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #14. Juarez-Aguilera and Ayala have also asserted qualified immunity.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In its analysis of a Rule 12(b)(6) motion to dismiss, a court may consider the complaint, any documents attached to the complaint, and matters of which it takes judicial notice. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). In evaluating the complaint, the court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### b. Qualified Immunity

Qualified immunity protects government officials sued in their individual capacities "from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Once a defendant has invoked the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009). "When confronted with a qualified-immunity defense at the pleadings stage, the plaintiff must plead 'facts which, if proved, would defeat [the] claim of immunity.'" *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)).

The Supreme Court has established a two-part framework to determine if a plaintiff has overcome a qualified immunity defense. *Saucier v. Katz*, 533 U.S. 194 (2001). First, the court asks whether, taken in the light most favorable to the injured party, "the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. Second, the court considers whether the allegedly violated right was "clearly established." *Id.* at 201. When deciding whether the constitutional right was clearly established, the court asks whether the law so clearly and unambiguously prohibited the conduct such that a reasonable official would understand that what she was doing violated the law. *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity. This requirement establishes a high bar." *Id.* Furthermore, even if "the defendant's actions violated a clearly established constitutional right," the court will then ask whether qualified immunity is nevertheless "appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed

4

action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (quoting *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004)).

### III. Analysis

#### a. Section 1983 Claims

Plaintiff asserts various constitutional claims pursuant to Section 1983, all of which Defendants move to dismiss under Rule 12(b)(6). The Court addresses each of these claims in turn.

##### 1. Officer Juarez-Aguilera

With respect to Juarez-Aguilera, Plaintiff assert a Fourteenth Amendment claim premised on the "state-created danger" theory. Doc. #1 ¶¶ 46–68. In their Motion to Dismiss, Defendants argue that the Fifth Circuit does not recognize the state-created danger doctrine. Doc. #14 at 2–3. Though the Fifth Circuit has "not categorically *ruled out* the [state-created danger] doctrine," it has unquestionably "decline[d] to adopt the . . . theory of constitutional liability" at this point in time. *Fisher v. Moore*, 73 F.4th 367, 372–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 569 (2024); *see also Joiner v. United States*, 955 F.3d 399, 407 (5th Cir. 2020) (noting that the Fifth Circuit "has repeatedly declined to recognize the state-created danger doctrine") (collecting cases). This Court is bound by the Fifth Circuit's decision not to "forge new circuit precedent and adopt the state-created danger doctrine." *Fisher*, 73 F.4th at 407. Thus, Plaintiff's Fourteenth Amendment claim premised on the state-created danger doctrine must be dismissed.

In the alternative, Plaintiff alleges Juarez-Aguilera violated her substantive due process rights by recklessly engaging in a high-speed chase through a densely populated residential area. Doc. #1 ¶¶ 59–66. To establish a due process violation in the context of high-speed chases, a plaintiff must show that the governmental officer's conduct was "so egregious, so outrageous, that

5

it may fairly be said to shock the contemporary conscience." *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998); *see also O'Neal v. Cazes*, 257 F. App'x 710, 713 (5th Cir. 2007). This is a high standard. Indeed, in cases involving high-speed police chases, "even deliberate indifference or recklessness would be insufficient to state a claim under the due process clause." *O'Neal*, 257 F. App'x at 713 (citing *Lewis*, 523 U.S. at 852–53). As such, the Supreme Court has held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the substantive due process guarantee of the Fourteenth Amendment, redressable by any action under Section 1983." *Lewis*, 523 U.S. at 854.

Here, Plaintiff alleges that initiating a high-speed police chase through a busy residential area because of a broken taillight, which is a non-serious crime, rises to the level of a constitutional deprivation. Doc. #1 ¶¶ 60–62. However, Plaintiff does not allege that Juarez-Aguilera intended to physically harm Plaintiff, bystanders, or other drivers on the road. Nor does Plaintiff allege any facts suggesting Juarez-Aguilera intended to worsen any person's "legal plight." Indeed, the Complaint does not even allege that Juarez-Aguilera "knew of [Plaintiff's] presence on the road." *See Joubert on behalf of Joubert v. City of Houston*, No. 4:22-CV-3750, 2024 WL 4282086, at *4 (S.D. Tex. Sept. 24, 2024) (dismissing the plaintiff's due process claims premised on a high-speed chase). At most, Plaintiff has alleged only recklessness, which does not meet the threshold of constitutional liability in cases involving high-speed police chases. Thus, Plaintiff's Fourteenth Amendment due process claim must be dismissed.[2]

### 2. The City and Ayala

Plaintiff asserts municipal liability claims against Jacinto City pursuant to *Monell v. New*

---

[2] In addition, Juarez-Aguilera has asserted the defense of qualified immunity. The Court need not fully address this issue. Plaintiff has failed to plead a constitutional violation and has therefore not met the first prong of the qualified immunity analysis.

*York City Department of Social Services*, 436 U.S. 658 (1978). Plaintiff also asserts claims against Jacinto City and Ayala for negligent hiring, supervision, training, and retention. Doc. #1 ¶¶ 67–80, 81–88. Defendants argue that these claims must be dismissed because Plaintiff fails to allege an underlying constitutional violation. Doc. #14 at 5–6.

A municipality is a "person" subject to suit under Section 1983. *Monell*, 436 U.S. at 690. "A local government entity may be sued if it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010). Alternatively, municipal liability may attach where the constitutional deprivation is pursuant to a governmental custom, even if such custom has not received formal approval. *Monell*, 436 U.S. at 690–91. The elements of a municipal liability claim are: (1) a policymaker, (2) an official policy or custom, and (3) "a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Moreover, "[s]upervisory liability attaches only when: '(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Perniciaro v. Lea*, 901 F.3d 241, 259 (5th Cir. 2018) (quoting *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005)).

The Fifth Circuit has "stated time and again that '[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866–67 (5th Cir. 2012) (quoting *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)). Likewise, "without an underlying constitutional violation[,] . . . there can be no supervisory liability." *Perniciaro*, 901 F.3d at 259. As discussed above, Plaintiff

7

failed to sufficiently plead a constitutional violation. *Supra* pp. 5–6. Without an adequately plead underlying constitutional violation, there is no basis for municipal liability or supervisory liability. Thus, all of Plaintiff's Section 1983 claims against the City and Ayala must be dismissed.

### b.  State Law Claims

Plaintiff has also brought state law claims against Jacinto City under the Texas Tort Claims Act ("TTCA"). Doc. #1 ¶ 89. Specifically, Plaintiff alleges that her injuries were the direct and proximate result of the recklessness of Jacinto City's employee, Juarez-Aguilera. *Id.* ¶ 90. "A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity." *Forgan v. Howard Cnty.*, 494 F.3d 518, 520 (5th Cir. 2007). "The [Texas Tort Claims Act] provides a limited immunity waiver for tort claims for personal injury." *Hall v. Texas Health*, No. 4:17-CV-03707, 2019 WL 11527899, at *2 (S.D. Tex. Apr. 1, 2019) (citing *The Univ. of Texas at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010). Defendants move to dismiss Plaintiff's TTCA claims, arguing that she has failed to show a waiver of governmental immunity because (1) Plaintiff failed to comply with the TTCA's procedural requirement of actual notice and (2) the "motor vehicle exception" to governmental immunity does not apply. Doc. #14 at 13–18. Because the Court finds that the motor vehicle exception does not apply in this case, the Court only addresses this issue.

Jacinto City argues Plaintiff has not sufficiently alleged the applicability of the motor vehicle exception because Juarez-Aguilera's car was not involved in the collision. Doc. #14 at 17; Doc. #26 at 7–8. The TTCA's motor vehicle exception waives sovereign immunity for personal injuries proximately caused by the wrongful act, omission, or negligence of an employee acting within the scope of his employment if the harm arises from the use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE § 101.021.  Causation requires more than "mere involvement" of

8

property. *Dallas County Mental Health & Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003) (noting Texas law requires "a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries" that is "more than mere involvement of property"). For instance, numerous Texas courts have held that "the motor-vehicle exception does not apply to situations in which a government employee was not operating the vehicle that caused the plaintiff's injuries." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (collecting cases).

Here, Plaintiff alleges that a fleeing suspect ran a red light and crashed into her car at an intersection. Doc. #1 ¶¶ 35–37. While Plaintiff's injuries are unfortunate, she at most alleges that Juarez-Aguilera simply "furnish[ed] the condition that ma[de] the injury possible." *See Whitley*, 104 S.W.3d at 543 (quoting *Bossley*, 968 S.W.2d at 343). Because Plaintiff has not alleged that her injuries were proximately caused by Juarez-Aguilera's use of a motor vehicle, the TTCA's motor vehicle exception does not apply. *See Jackson v. City of Houston*, No. 4:23-CV-00052, 2023 WL 7093031, at *7 (S.D. Tex. Oct. 26, 2023) (finding the motor vehicle exception did not apply in a case where a man was killed by a suspect fleeing officers in a high speed chase). Thus, Jacinto City is immune from suit with respect to Plaintiff's state law claims, which must be dismissed

    c.    **Leave to Amend**

In her Response, Plaintiff makes a generic request for leave to amend if the Court finds one or more of her claims should be dismissed. Doc. #22 at 18. However, a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d

9

375, 387 (5th Cir. 2003) (internal quotations and citation omitted); *see also Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018) (unpublished) (denying leave to amend because the plaintiffs "failed to set forth with sufficient particularity the grounds for the amendment"). Thus, Plaintiff's request for leave is denied because she does not state with particularity her grounds for amendment.

### IV. Conclusion

In conclusion, the Court finds that all of Plaintiffs' Section 1983 claims against all Defendants should be dismissed because she has failed to plead sufficient facts showing a constitutional violation. In addition, Plaintiff's TTCA claims should be dismissed because she failed to plead facts that show any waiver of governmental immunity. Therefore, Defendants' Motion to Dismiss (Doc. #14) is hereby GRANTED. Plaintiff's request for leave to amend is DENIED. Accordingly, all of Plaintiff's claims are DISMISSED WITH PREJUDICE. The Court will enter a separate final judgment.

It is so ORDERED.

JUN 2 5 2025
Date

The Honorable Alfred H. Bennett
United States District Judge